**A TOUCH OF CLASS IMPORTS, LTD., Plaintiff,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**No. 94 Civ. 3956 (HB).**

United States District Court, S.D. New York.

Oct. 25, 1995.

Order Granted Reargument but Adhering to Earlier Decision Jan. 12, 1996.

---

**176**

Herman Schmertz, Rhonda Kay, Gair, Gair, Conason, Steigman & MacKauf, New York City, for Plaintiff.

Kevin J. Murtagh, O'Connor, O'Connor, Hintz & Deveney, Garden City, NY, for Defendant.

### MEMORANDUM AND ORDER

BAER, District Judge.

This action involves an insurance coverage dispute between plaintiff insured A Touch of Class Imports, Ltd. ("Touch of Class") and defendant insured Aetna Casualty and Surety Company ("Aetna") in which Touch of Class seeks indemnification for (1) legal defense expenses and (2) the expense of a civil judgment. The dispositive issue is whether the phrase "Touch of Class" constitutes a "title" and/or "slogan" within the meaning of the subject insurance policy.

The parties, having acknowledged that "merely one issue of law defines this case," Facsimile of Hon. Harold Baer, Jr. to H. Schmertz and K. Murtagh of June 5, 1995, agreed that rather than conduct a formal trial, they would simply "try" the case by arguing that one issue before me. I heard argument on June 14, 1995. For the reasons indicated below, judgment is granted in favor of the plaintiff.

### I. BACKGROUND

Plaintiff was sued by another company—also named "Touch of Class"—for trademark infringement. Plaintiff had been using the phrase "Touch of Class" in connection with the advertising and sale of its jewelry. Plaintiff incurred legal expenses and ultimately suffered a judgment of $1,000,000. It now seeks to recoup the defense costs and expense of the judgment from Aetna.

The insurance policy between Plaintiff and Aetna states that it covers "Advertising Injury," which is defined as an:

> injury arising out of an offense committed . . . in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or *infringement of copyright, title or slogan.*

The policy also *excludes* coverage for:

> infringement of trademark, service mark or trade name, *other than titles or slogans,* by use thereof in connection with goods, products or services sold, offered for sale or advertised. . . .

### II. DISCUSSION

■ Touch of Class argues that the insurance policy is ambiguous by stating in one clause that it covers "infringement of title or slogan" while in another clause stating that it does *not* cover "trademark infringement, other than titles or slogans." This ambiguity, Touch of Class asserts, should be resolved in favor of the insured. I find no ambiguity. The policy states that it will not cover trademark infringement, *other than in the context of titles and slogans.* Thus, the policy represents that it does cover those instances of trademark infringement that *do* implicate a product's title and/or slogan.

Trademarks can consist of something "other than a title or slogan," as the insurance policy suggests. Trademarks can be the color of an item, e.g. pink sugar substitute packets, the location of a patch on a pair of jeans, e.g. on the back hip of one brand of jeans, the scent of an item, e.g. that of a household deodorizing spray, and the design of a package, e.g., the wrapper of a candy bar. None of these trademarks involves the product's title or slogan.

As noted above, the insurance policy at issue covers suits initiated by third parties against the insured "if such [alleged] injury *arises out of* [inter alia] infringement of copyright, title or slogan." In addition, the insured's alleged infringing activity must occur "by use [of the copyright, title or slogan]

in connection with goods, products or services sold, offered for sale or advertised." Aetna's liability for the judgment rendered against its insured in this context therefore requires (1) that the phrase "Touch of Class" was used by the party that obtained the judgment against the insured as a title and/or slogan; and (2) that the insured employed the phrase "Touch of Class" in connection with jewelry that it sold, offered for sale, or advertised.

In the instant case, it is clear that Touch of Class used the trademark in connection with the advertising and sale of its jewelry. Thus, prong two of the test laid out above is satisfied. Whether the phrase "Touch of Class" was used as a title and/or slogan presents a closer question. English dictionaries generally define "slogan" as any word or combination of words that acts as an attention-getting device. I take judicial notice of the several following slogans: "We try harder;" "Just for the taste of it;" "You're in good hands with Allstate;" and "Good to the last drop." Dictionaries generally define "title" as a name or appellation. I take judicial notice of the following titles: "Big Mac," "Chap Stick," and "Cheerios."

I find that the Touch of Class concern that holds the trademark for the phrase at issue used that term as an attention-getting device for its jewelry, the effort being to convey a sense of style, fashion and class. Put another way, one might ask the defendant, "What's the beef?"

Aetna is therefore liable for the judgment that Touch of Class suffered as well as the costs Touch of Class incurred in defending the underlying action.

## III.  CONCLUSION

Judgment is granted in favor of plaintiff. Within ten days, plaintiff will submit a specific listing of its damages in the case in order that judgment may be entered in the appropriate amount.

**SO ORDERED.**

ORDER GRANTING REARGUMENT BUT ADHERING TO EARLIER DECISION

Defendant Aetna moves to reargue the issue decided by this Court in its Memoran-dum and Order dated October 25, 1995.  The motion is GRANTED.

After reviewing all the arguments of defendant and finding no support for its contention that the relief it seeks should be granted, I adhere to my earlier decision for the reasons spelled out therein.

**SO ORDERED.**